```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


BRIAN VUKADINOVICH,            )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:02 cv 472
                               )
GRIFFITH PUBLIC SCHOOLS, BOARD )
OF TRUSTEES OF GRIFFITH PUBLIC )
SCHOOLS, WILLIAM E. GALL,      )
SUPERINTENDENT OF GRIFFITH     )
PUBLIC SCHOOLS, CROWN POINT    )
SCHOOL CORPORATION, BOARD OF   )
TRUSTEES OF CROWN POINT SCHOOL )
CORPORATION, STEVE SPRUNGER,   )
SUPERINTENDENT OF CROWN POINT  )
SCHOOL CORPORATION, SCHOOL CITY)
OF HAMMOND, BOARD OF TRUSTEES  )
OF SCHOOL CITY OF HAMMOND,     )
DONALD SOHACKI, ASSISTANT      )
SUPERINTENDENT OF SCHOOL CITY  )
OF HAMMOND, and DAVID O.       )
DICKSON, SUPERINTENDENT OF     )
SCHOOL CITY OF HAMMOND,        )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion to Strike Amended Complaint filed by the defendants, Griffith Public Schools, et al., on November 2, 2007. For the reasons set forth below, this motion is **GRANTED**.

Background

Brian Vukadinovich alleges that the Crown Point, Griffith, and Hammond, Indiana public school systems failed to hire him in violation of the Age Discrimination in Employment Act (ADEA) and

Title VII. After lifting a stay in this matter that resulted from the imposition of a *Mack* order against the plaintiff by the Seventh Circuit, this court addressed the plaintiff's motion to amend his complaint. *See* ***Support Systems International v. Mack***, 45 F.3d 185, 186 (7th Cir. 1995). The court granted in part and denied in part the motion, directing the plaintiff to file an amended complaint consistent with the order. (Opinion and Order, October 9, 2007) (DE 66)  The defendants assert that the amended complaint Vukadinovich filed is not consistent with this order.

## Discussion

The Local Rules of this court require that a motion to amend a complaint include the proposed amendment as supporting documentation.  Local Rule 15.1. It is clear that Vukadinovich attached one complaint when he filed his motion to amend and filed another after the court granted in part the motion to amend. Further, the differences cannot be attributed to the court's directive to file an amended complaint consistent with the order granting leave to file the amended complaint. In the order, the court noted that individual defendants were not proper parties under the ADEA or Title VII; that a claim for attorney fees was not required; and that punitive damages were not available under the ADEA and limited under Title VII.

In the amended complaint filed following the entry of the order, Vukadinovich has added the express assertion that "there are pendent state law claims for violations of state employment laws and for violations of Defendants' local corporation poli-

2

cies." (Amended Complaint, ¶8)  He also states that the Griffith Public Schools violated its own policy, which states that "wherever possible, positions shall be filled by properly-licensed professionals."  (Am. Cmplt. ¶13) Similarly, Vukadinovich points to a policy of the Hammond schools which states that "only the best-qualified, fully certified personnel shall be engaged to fill positions in the School City of Hammond." (Am. Cmplt. ¶32)

Apparently as a result of these so-called state law violations, Vukadinovich has refused to relinquish his prayer for three million dollars in compensatory damages and five million dollars in punitive damages. He supports this with the argument that the state law claims have been in the complaint all along, particularly if read in light of the liberal standard under which pro se complaints are to be read.

In fact, Vukadinovich made the allegation in his original complaint that Griffith hired Andrew Oswalt, even though Oswalt did not have an appropriate license. He made a similar allegation that Hammond hired Jerold Loza despite Loza's lack of proper teaching credentials. These licensing standards are matters of state law. However, Vukadinovich's allegations do not transform the original complaint into one raising state law claims. His original complaint explicitly stated that it was based on violations of the ADEA and Title VII only. Further, the original complaint explicitly invoked only the court's federal question jurisdiction by references to 28 U.S.C §§1331 and 1343, providing no indication of state law claims brought pursuant to the court's

3

diversity jurisdiction. Even if Vukadinovich had referenced these statutes out of ignorance, the court need not make the additional leaps necessary to conclude that state law claims were intended. The possibility that these individuals may be comparators in his ADEA or Title VII claims, or otherwise provide relevant evidence, does not mean that Vukadinovich has a private right of action based on the school systems' alleged violation of state law or school policies when entering into contracts with these third-parties.

In addition, Vukadinovich never stated which state laws these schools systems violated. Presumably he had in mind Indiana Code §20-28-6-1, which addresses, among other things, "qualifications for employment."  There is no indication that this provision creates a private right of action. See *Blanck v. Ind. Department of Correction*, 829 N.E.2d 505, 509 (Ind. 2005); *Kimrey v. Donahue*, 861 N.E.2d 379, 382 (Ind. App. 2007)("We have consistently held that where the legislature expressly provides for enforcement of a statute by means other than a private right of action, a private right of action will not be found."). Accordingly, the court concludes that Vukadinovich has not stated a claim for violations of state law. The attempt to rationalize the original complaint as including state claims that, even if expressly stated, are dubious at best and likely untimely, reaches well beyond the liberal approach to be afforded a pro se complaint. This court is not required to find new claims where previously there had been none. See *Greer v. Board of Education*

4

*of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001) ("Greer correctly notes that we liberally construe the pleadings of individuals who proceed pro se. The essence of liberal construction is to assist a pro se plaintiff when, although he stumbles on a technicality, his pleading is otherwise understandable. However, a lawsuit is not a game of hunt the peanut. Employment discrimination cases are extremely fact-intensive, and neither appellate courts nor district courts are obliged in our adversary system to scour the record looking for factual disputes.")(internal quotations and citations omitted).

Finally, Vukadinovich's amended complaint continues to reference a claim under §1983 and makes occasional references to "unconstitutional conduct" of the defendants. This only can refer to Vukadinovich's earlier allegation of First Amendment violations. The court expressly denied leave to file a complaint alleging this claim as futile in its October 9, 2007 order. Accordingly, the retention of a §1983 claim is not consistent with this court's prior order.

The defendants' motion to strike the amended complaint is **GRANTED**. The Clerk is **DIRECTED** to strike the complaint filed at DE 69. Plaintiff shall have one additional opportunity to file an amended complaint consistent with this court's orders. The amended complaint shall be filed no later than March 21, 2008. A short plain statement of entitlement to relief under the ADEA and Title VII is all that is required. Failure to comply with this

order will result in the dismissal of this action pursuant to Federal Rules of Civil Procedure 41(b) and 16(f).

_____

For the foregoing reasons, the Motion to Strike Amended Complaint filed by the defendants, Griffith Public Schools, et al., on November 2, 2007, is **GRANTED.**

ENTERED this 6th day of March, 2008

           w/ ANDREW P. RODOVICH
            United States Magistrate Judge